IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 08-cv-00462-REB-MEH

WILDERNESS WORKSHOP,
HIGH COUNTRY CITIZENS' ALLIANCE,
WESTERN COLORADO CONGRESS,
WESTERN SLOPE ENVIRONMENTAL RESOURCE COUNCIL,
CENTER FOR BIOLOGICAL DIVERSITY, and
BOARD OF COUNTY COMMISSIONERS FOR PITKIN COUNTY,

    Plaintiffs,

v.

UNITED STATES BUREAU OF LAND MANAGEMENT, and
UNITED STATES FOREST SERVICE,

    Defendants,

SG INTERESTS I, LTD.,

    Intervenor-Defendant.

## ORDER DENYING MOTION TO DISMISS

**Blackburn, J.**

This matter is before me on intervenor-defendant **SG Interests I, LTD.'s Motion and Memorandum in Support of Motion To Dismiss for Failure to Exhaust Administrative Remedies** [#16], filed March 26, 2008. The plaintiffs filed a response[#35], and the intervenor-defendant filed a reply [#40]. I heard oral argument on April 17, 2008. I deny the motion.

On January 8, 2008, the Bureau of Land Management (BLM) issued a Record of Decision (ROD) authorizing the issuance of rights of way and temporary use permits to the intervenor-defendant, SGI Interests I, LTD (SGI). The ROD permits SGI to construct

a natural gas pipeline on public lands.  In their complaint the plaintiffs argue that the decision reflected in the ROD is unlawful.  The plaintiffs assert that the decision violates the "roadless rule," which is found at 66 Fed. Reg. 3244 - 3273.  In addition the plaintiffs claim that the decision violates the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321 - 4370f.  The plaintiffs allege that the ROD violates NEPA because the Final Environmental Impact Statement on which the ROD is based failed to consider certain connected actions.  Neither the roadless rule nor the NEPA provides for a private right of action.  The plaintiffs seek relief for the alleged violations of the roadless rule and the NEPA under 5 U.S.C. § 706, part of the Administrative Procedure Act.  Under § 706, a court must invalidate actions that are "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).

## I. APPLICABILITY OF EXHAUSTION REQUIREMENT

In its motion to dismiss, SGI argues that the plaintiffs' complaint must be dismissed because the plaintiffs failed to exhaust their administrative remedies concerning the BLM's decision before filing this lawsuit. The plaintiffs did not pursue administrative remedies before filing this lawsuit.  The plaintiffs argue that they are not required to exhaust administrative remedies before seeking judicial relief.

5 U.S.C. § 704 expresses the administrative "exhaustion" requirement, which applies to all challenges to agency action brought under the APA.  ***Darby v. Cisneros***, 509 U.S. 137, 154 (1993).  Applying § 704, the ***Darby*** Court held that, when the APA applies,

> appeal to "superior agency authority" is a prerequisite to judicial review *only* when expressly required by statute or when an agency rule requires appeal before review and the administrative action is made inoperative pending that review.  Courts are not free to impose an exhaustion requirement as a rule of judicial administration where the agency action

has already become "final" under § 10(c).

509 U.S. at 154 (emphasis in original). Under *Darby*, exhaustion of administrative remedies is a prerequisite to judicial review only if (1) a statute or regulation explicitly requires an administrative appeal; and (2) there is a stay of the challenged action during the administrative review. *Id*. The plaintiffs argue that no statute or regulation requires that they seek administrative review of the decision at issue here. Further, they argue that no statute or regulation provides for a stay of the agency's decision pending resolution of such an appeal. Thus, the plaintiffs assert, they are not required to exhaust administrative remedies.

### A. Required Administrative Appeal

43 C.F.R. § 2881.10 applies to an appeal of the BLM decision at issue here. That regulation provides that an aggrieved party "may appeal a BLM decision issued under the regulations in this part . . . ." The "may appeal" language of § 2881.10 does not impose a requirement that administrative remedies be exhausted. SGI argues that 43 C.F.R. § 4.21(c), which is applicable here, effectively requires exhaustion of administrative remedies. Section 4.21(c) provides:

> (c) Exhaustion of administrative remedies. No decision which at the time of its rendition is subject to appeal to the Director or an Appeals Board shall be considered final so as to be agency action subject to judicial review under 5 U.S.C. 704, unless a petition for a stay of decision has been timely filed and the decision being appealed has been made effective in the manner provided in paragraphs (a)(3) or (b)(4) of this section or a decision has been made effective pending appeal pursuant to paragraph (a)(1) of this section or pursuant to other pertinent regulation.

SGI asserts that the United States Court of Appeals for the Tenth Circuit has concluded that this regulation requires exhaustion. *Silverton Snowmobile Club v. United States Forest Service*, 433 F.3d 772, 787 (10th Cir. 2006).

3

For the purpose of resolving the motion to dismiss, I assume without deciding that 43 C.F.R. § 4.21(c) requires exhaustion of administrative remedies.  Even if this is true, I conclude that exhaustion is not required here because the regulations at issue do not satisfy the second part of the **Darby** test.

### B.  Stay of Challenged Action

SGI argues that the applicable regulations effectively stay the decision at issue here pending an administrative appeal, thus, satisfying the second **Darby** requirement.  First, SGI notes that under 42 C.F.R. § 4.21 (a)(1), a "decision will not be effective during the time in which a person adversely affected may file a notice of appeal."  A decision becomes effective on the day after the expiration of the time during which a person adversely affected may file a notice of appeal unless a petition for stay pending appeal is filed along with a notice of appeal.  42 C.F.R. § 4.21 (a)(2).  If the stay is not granted, then the decision becomes effective after the director or an appeals board denies the petition for stay, or when the director or an appeals board fails to act on the petition within 45 days.  42 C.F.R. § 4.21(a)(3), (4).

This regulation does not render the appealed decision "inoperative" pending administrative review.  **See Darby v. Cisneros**, 509 U.S. at 154.  Rather, the regulation states specifically that a party seeking administrative review affirmatively must request a stay.  43 C.F.R. § 4.21 (a)(2).  Further, the aggrieved party has the burden of demonstrating that a stay should be granted under specified standards.  43 C.F.R. § 4.21 (b).  This process vests discretion in the BLM, while § 704 of the APA requires unequivocally that the statute or regulation itself must deem an action *inoperative* while an administrative appeal is pending.  **See Darby,** 509 US at 154.  I reject SGI's argument that the applicable regulations effectively render the challenged action

4

inoperative pending an administrative appeal.

## II.  CONCLUSION

Even if 43 C.F.R. § 4.21(c) properly is read to require exhaustion of administrative remedies, the plaintiffs' failure to exhaust administrative remedies does not preclude them from seeking judicial review.  The apposite administrative appeal regulations do not provide procedures that render inoperative the decision pending administrative review.  Therefore, under *Darby*, the plaintiffs were not required to exhaust administrative remedies prior to seeking judicial review.  *Darby*, 509 U.S. at 154.

## III. ORDER

**THEREFORE, IT IS ORDERED** that intervenor-defendant **SG Interests I, LTD.'s Motion and Memorandum in Support of Motion To Dimsis for Failure to Exhaust Administrative Remedies** [#16], filed March 26, 2008, is **DENIED**.

Dated April 28, 2008, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
**Robert E. Blackburn**
**United States District Judge**