IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 08-cv-00462-REB-MEH

WILDERNESS WORKSHOP,
HIGH COUNTRY CITIZENS' ALLIANCE,
WESTERN COLORADO CONGRESS,
WESTERN SLOPE ENVIRONMENTAL RESOURCE COUNCIL,
CENTER FOR BIOLOGICAL DIVERSITY, and
BOARD OF COUNTY COMMISSIONERS FOR PITKIN COUNTY,

    Plaintiffs,

v.

UNITED STATES BUREAU OF LAND MANAGEMENT, and
UNITED STATES FOREST SERVICE,

    Defendants,

SG INTERESTS I, LTD.,

    Intervenor-Defendant.

## ORDER DENYING
## MOTION FOR PRELIMINARY INJUNCTION
## PENDING APPEAL

**Blackburn, J.**

This matter is before me on the **Plaintiffs' Motion for an Injunction Pending Appeal** [#53], filed May 6, 2008. Intervenor-defendant SG Interests I, Ltd., filed a response [#55]. I deny the motion.

On May 30, 2008, I entered an order [#46] denying the plaintiffs motion for preliminary injunction [#15], filed March 20, 2008. The plaintiffs sought to enjoin the construction of a natural gas pipeline known as the Bull Mountain pipeline. The plaintiffs

have filed a notice of appeal concerning my order. In their present motion, the plaintiffs ask that I enjoin construction of the Bull Mountain pipeline while their appeal of my order is pending. Such relief is authorized under Fed. R.Civ.P. 62(c). Under Fed. R. App. P. 8 (a), a party seeking such relief generally first must seek such relief in the district court.

The factors regulating the issuance of a stay pending appeal are very similar to the factors regulating the issuance of a preliminary injunction. Those factors are 1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; 2) whether the applicant will be irreparably injured absent a stay; 3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and 4) where the public interest lies. **Hilton v. Braunskill**, 481 U.S. 770, 776 (1987).

Based on the analysis in my **Order Denying Motion for Preliminary Injunction** [#46], filed April 30, 2008, I deny the plaintiffs' motion for an injunction pending appeal. The plaintiffs have not made a strong showing that they are likely to succeed on the merits of their appeal. The plaintiffs will suffer some irreparable environmental injury absent a stay, and the issuance of a stay will cause substantial injury to the intervenor-defendant, SG Interests I, Ltd. Conflicting public interests are at stake, and a balancing of those interests results in what is essentially a wash. Thus, applying the *Hilton* factors to the record in this case, I conclude that the plaintiffs are not entitled to a stay pending resolution of their appeal.

**THEREFORE, IT IS ORDERED** that the **Plaintiffs' Motion for an Injunction Pending Appeal** [#53], filed May 6, 2008, is **DENIED**.

Dated May 9, 2008, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge